894 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Plaintiff-Appellant,
v.
NORFOLK & WESTERN RAILWAY COMPANY, Defendant-Appellee.
 No. 89-2133.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 6, 1989.
Decided: Jan. 2, 1990.
 
 Michael S. Wolly, Erick J. Genser, Mulholland & Hickey, on brief, for appellant.
 William B. Poff, Clinton S. Morse, Woods, Rogers & Hazlegrove, on brief, for appellee.
 Before DONALD RUSSELL, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff union as the exclusive bargaining agent seeks injunctive, declaratory, and monetary relief against a furloughing of certain employees--members of the union--by the employer railroad. The furloughing was effected under a provision of the union contract executed between the bargaining agent and the railroad. The railroad defended by asserting that the dispute was a "minor dispute" under the Railway Act and, as such, was within the exclusive jurisdiction of the National Railroad Adjustment Board, 45 U.S.C. Sec. 153. The district judge sustained the railroad's defense, denied the request for an injunction, and granted judgment in favor of the railroad. The union has appealed. We affirm.
 
 
 2
 The plaintiff International Brotherhood of Electrical Workers ("IBEW") is the exclusive bargaining representative under the Railway Labor Act, 45 U.S.C. Secs. 151, et seq., for electricians and crane operators employed by the defendant Norfolk & Western Railway Company ("railroad"). Acting under Rule 26 of the collective bargaining agreement between the railroad and the plaintiff as the representative of the affected employees, the railroad furloughed a number of employees--members of the plaintiff's union--at its Roanoke (Virginia) Shop because of inability to maintain certain services at that Shop and to utilize effectively the employees furloughed. The plaintiff does not dispute the applicability of Rule 26 to this dispute. Its position apparently is that the railroad is utilizing its right under the contract in order to induce the union to agree to certain provisions in a proposed new collective bargaining agreement. The railroad, on the other hand, contends that a dispute over the applicability of that Rule represents a "minor dispute" under the Railway Labor Act and as such is within the exclusive jurisdiction of the National Railroad Adjustment Board. The real issue is whether this controversy qualifies as a "minor dispute" under the Act.
 
 
 3
 The Supreme Court in Consolidated Rail v. Railway Labor Executives, --- U.S. ----, 105 L.Ed.2d 250, 264 (1989), defined a "minor dispute" under the Act thus:
 
 
 4
 Where an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified by the terms of the parties' collective-bargaining agreement.
 
 
 5
 This dispute satisfies the conditions for establishing the controversy and fixes exclusive jurisdiction over the controversy in the National Railroad Adjustment Board. The contention of the plaintiff that the union has furloughed these employees as a means of inducing agreement by the union to certain adjustments in a proposed contract between the union as bargaining agent and the railroad, if relevant to this suit, is a matter to be considered by the Adjustment Board under its exclusive jurisdictional authority.
 
 
 6
 Because the case is fully presented in the briefs and we do not think that the decisional process would be aided by oral argument, we decide the case without hearing argument.
 
 
 7
 The judgment of the district court is accordingly
 
 
 8
 AFFIRMED.